**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1100-22

RICARDO M. MELENDEZ,

     Plaintiff-Appellant,

v.

ANTHONY P. ROTONDO,
CITY OF JERSEY CITY,
and JERSEY CITY POLICE
DEPARTMENT,

     Defendants-Respondents.

_____

Submitted February 26, 2024 – Decided March 6, 2024

Before Judges Mawla and Vinci.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-4283-20.

Benevento Law Firm, LLC, attorneys for appellant (Christopher Lee Benevento, on the brief).

Peter J. Baker, Corporation Counsel, attorney for respondents (Brittany M. Murray, First Assistant Corporation Counsel, on the brief).

PER CURIAM

Plaintiff Ricardo M. Melendez appeals from a November 3, 2022 order granting summary judgment in favor of defendants Officer Anthony P. Rotondo, the City of Jersey City, and the Jersey City Police Department. Based on our review of the record and the applicable principles of law, we affirm.

Plaintiff was injured when the bicycle he was riding struck a marked Jersey City police vehicle operated by Officer Rotondo. Plaintiff was traveling eastbound downhill on Newark Avenue in Jersey City. Prior to the accident, Officer Rotondo was also traveling eastbound on Newark Avenue.

Officer Rotondo received a dispatch call directed to another unit seeking an officer to respond to a nearby Dunkin' Donuts. He believed the call was in connection with an irate and angry individual at the Dunkin' Donuts. Officer Rotondo's unit was not the primary vehicle dispatched to the Dunkin' Donuts, but he responded to the call as backup to assist the primary vehicle.

Plaintiff contends the police event information form relating to the call states, "caller needs an officer at the Dunkin['] Donuts to see video footage of how they treated him yesterday and to see who stole his belongings . . . male is very ir[]ate and angry towards police." Plaintiff does not dispute that Officer Rotondo received the dispatch call.

2

To get to the Dunkin' Donuts, Officer Rotondo needed to make a U-turn to proceed westbound on Newark Avenue. The officer turned into the wide center median area between the eastbound and westbound lanes. His car was perpendicular to the lanes of traffic as he waited in the median for westbound traffic to stop and allow him to turn into the westbound lane. Officer Rotondo contends he activated his overhead lights and manually, intermittently sounded his siren to stop traffic. Plaintiff neither recalls seeing the overhead lights nor hearing the siren.

As plaintiff was riding eastbound on Newark Avenue approaching the point where Officer Rotondo was waiting in the median, traffic stopped in front of him. Plaintiff swerved left into the westbound lane to avoid the stopped eastbound traffic and attempted to ride in front of Officer Rotondo's vehicle which was, by that time, moving forward into the westbound lane. Plaintiff struck the driver-side front quarter panel of the police vehicle near the front tire. He was thrown from the bike and suffered a dislocated and fractured left elbow.

Plaintiff filed his complaint in this matter alleging Officer Rotondo operated his vehicle in a negligent, careless, and reckless manner, and the City of Jersey City is vicariously liable for his actions. Following discovery, defendants moved for summary judgment based on "good-faith immunity" under

3

the New Jersey Tort Claims Act ("TCA"), N.J.S.A. 59:3-3. On October 21, 2022, the court heard oral argument and ordered an evidentiary hearing because the facts were "a little confusing."

On November 3, 2022, the court conducted an evidentiary hearing at which Officer Rotondo and plaintiff testified. At the conclusion of the hearing, the court noted there was "not a . . . significant difference between the testimony of the parties." For example, Officer Rotondo testified he activated his overhead lights and siren, while plaintiff was unable to recall if he saw the lights or heard the siren. The court found credible Officer Rotondo's testimony regarding the dispatch call for an irate and angry individual at Dunkin' Donuts but noted what the officer heard or did not hear "is really irrelevant." The court found Officer Rotondo was responding to a call involving emergent circumstances that required quick action noting, "[o]bviously you [can] tell that from the dispatcher's [police event information] report." It also found Officer Rotondo was "acting objectively reasonably[,]" and granted defendants' motion based on good-faith immunity.

On appeal, plaintiff contends: (1) the court erred by granting summary judgment because whether Officer Rotondo was executing or enforcing the law is a question of fact for the jury; and (2) the court improperly usurped the jury's

role as fact finder with respect to whether Officer Rotondo activated his overhead lights and siren, was engaged in executing or enforcing the law, and acted objectively reasonably.

We review a grant of summary judgment de novo, using the same standard that governed the trial court's decision. Samolyk v. Berthe, 251 N.J. 73, 78 (2022). We owe no special deference to the motion judge's legal analysis. RSI Bank v. Providence Mut. Fire Ins. Co., 234 N.J. 459, 472 (2018) (quoting Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co., 224 N.J. 189, 199 (2016)). Summary judgment should be granted when "the competent evidential materials submitted by the parties," viewed in the light most favorable to the non-moving party, show that there are no "genuine issues of material fact and . . . the moving party is entitled to summary judgment as a matter of law." Grande v. Saint Clare's Health Sys., 230 N.J. 1, 23-24 (2017) (quoting Bhagat v. Bhagat, 217 N.J. 22, 38 (2014)).

"The most basic duty of a police officer is to enforce the law. In discharging this duty, police officers may use all reasonable means to uphold the law and apprehend perpetrators." Canico v. Hurtado, 144 N.J. 361, 365 (1996) (internal citation omitted). Under the TCA, "[a] public employee is not liable if [the employee] acts in good faith in the execution or enforcement of any

law." N.J.S.A. 59:3-3. This immunity applies to a police officer's operation of a motor vehicle "within the scope of [the officer's] duties" and in response to emergent circumstances, such as a crime in progress, where the officer acted with "objective reasonableness" or with subjective "good faith." Canico, 144 N.J. at 365-67.

The Court in Canico explained:

> Although we recognize that people ordinarily do not use the term "good faith" to describe the operation of motor vehicles, we believe that the Legislature intended that the term could encompass the operation of police vehicles. A public employee, although negligent, may still act in good faith. Marley v. Palmyra Bor., 193 N.J. Super. 271, 295 (Law Div. 1983). To pierce [N.J.S.A. 59:]3-3's qualified immunity, a plaintiff must prove more than ordinary negligence. See id. at 294 (stating that recklessness usually denies good faith).
>
> [Id. at 365.]

The Court also held, "[i]n many cases, the question of 'good faith' presents a question of fact to be resolved at a plenary hearing." Ibid. (citing Fielder v. Stonack, 141 N.J. 101, 132 (1995)). "Summary judgment under [N.J.S.A. 59:3-3], however, is appropriate if public employees can establish that their acts were objectively reasonable or that they performed them with subjective good faith." Ibid. (citing Hayes v. Mercer Cnty., 217 N.J. Super. 614, 622 (App. Div. 1987)).

6

We are satisfied the court correctly determined Officer Rotondo was entitled to immunity and granted defendants' motion for summary judgment. We affirm substantially for the reasons set forth in the court's oral opinion. We add the following comments.

Plaintiff's contention that the court usurped the function of the jury by conducting a plenary hearing to determine the applicability of good-faith immunity is not persuasive. Canico held that when the determination of "good faith" presents a question of fact, the applicability of good-faith immunity should be resolved at a plenary hearing. 144 N.J. at 365. Here, the court properly conducted a plenary hearing to resolve the factual questions presented in this case.

Moreover, as the court recognized, the factual disputes identified by plaintiff were not relevant to the good-faith immunity analysis. Plaintiff does not dispute that Officer Rotondo received a call for assistance directed to another unit and responded to the location as backup. Because Officer Rotondo was responding to a call for police assistance, he was entitled to the protection of good-faith immunity.

Plaintiff's reliance on Caicedo v. Caicedo, 439 N.J. Super. 615 (App. Div. 2105), is misplaced. In Caicedo, a police officer was involved in a motor vehicle

A-1100-22

accident while transporting a prisoner to the police station. Id. at 620. We held that under the facts of that case, the officer was not acting in the execution or enforcement of any law so as to afford good-faith immunity. Id. at 626. We noted, if the officer "was responding . . . to a crime scene, to an accident call with unknown injuries, or to some other situation requiring . . . immediate attention, we have little doubt that the result we reach would be different." Id. at 627.

In this case, Officer Rotondo made the decision to respond to the dispatch call for police assistance. He was not engaged in a ministerial act such as transporting a prisoner. Officer Rotondo was entitled to good-faith immunity because he was responding to a call for assistance even if, as plaintiff contends, the call turned out to be non-emergent in nature.

Likewise, the alleged factual dispute over Officer Rotondo's use of his lights and siren was not material for two reasons. First, plaintiff did not offer any competent evidence to raise a genuine issue of material fact. In response to Officer Rotondo's testimony that he engaged his overhead lights and siren, plaintiff testified he did not "recall" seeing the lights or hearing the siren. Plaintiff failed to offer competent evidence to contradict Officer Rotondo's testimony and, therefore, failed to establish a genuine issue of material fact.

A-1100-22

Second, to defeat the claim of immunity, plaintiff must prove more than ordinary negligence. Plaintiff did not offer any evidence that Officer Rotondo operated his vehicle in a careless or reckless manner. Even if plaintiff could prove Officer Rotondo did not activate his overhead lights and siren, plaintiff would not be able to prove more than ordinary negligence under the facts of this case.

To the extent we have not addressed any remaining arguments, it is because they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

9                                                          A-1100-22